UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS   MAGISTRATE JUDGE Alexander

CIVIL ACTION NO. 04 cv 10409 WGY

| | |
|---|---|
| JAMES R. LIDDELL, JR. <br> Plaintiff <br><br> v. <br><br> CITY OF ATTLEBORO <br> Defendant | RECEIPT # 54179 <br> AMOUNT $ 150 <br> SUMMONS ISSUED ___ <br> LOCAL RULE 4.1 ___ <br> WAIVER FORM ___ <br> MCF ISSUED ___ <br> BY DPTY. CLK. ___ <br> DATE 3-1-04 |

## COMPLAINT, RELIEF REQUESTED, AND JURY DEMAND

### INTRODUCTION

This is a complaint for compensatory and punitive money damages brought by James R. Liddell, Jr. ("Plaintiff") for the deprivation of the Plaintiff's rights under the Family and Medical Leave Act ("FMLA") against the City of Attleboro ("Defendant") for having denied Plaintiff's requests for leave commencing on or about March 1, 2002, and terminating his employment.

### JURISDICTION

Jurisdiction is based on Title 29 U.S.C.A. §§2601 et seq.

### PARTIES

1.   The Plaintiff, James R. Liddell, Jr., is a natural person and a resident of the City of Attleboro, Bristol County, in the District of Massachusetts. He is a lawful citizen of the United States.

1

2. The Defendant, City of Attleboro, is at all times relevant to this complaint a municipal corporation, situated in Bristol County, and duly organized under the laws of the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

3. Plaintiff began working for Defendant as a Building Custodian in 1986. In 1987 he was promoted to Senior Building Custodian. His last assignment was at the Coehlo Middle School.

4. Shortly before his termination, Plaintiff had been caring for his elderly mother who was in ill health. On February 16, 2002, Plaintiff's mother died.

5. At or around the time of his mother's deteriorating health, Plaintiff's daughter was experiencing serious mental health problems that affected her ability to function in school.

6. At all times material hereto, Plaintiff's daughter attended the Attleboro Middle Schools, including the Coehlo.

7. As a result of his dealing with his mother's declining health and family issues, Plaintiff became increasingly depressed, anxious, and worried. His physician placed him on medication (Paxil) and he began seeing a therapist.

8. At all times material herein, Defendant was aware of the above serious health issues within Plaintiff's immediate family.

9. At all times relevant herein, Defendant was aware that Plaintiff was emotionally distraught and having difficulty working.

10. In a letter to Dr. Ronald W. Pacy, Defendant's Superintendent of the Attleboro Schools, dated March 1, 2002, Plaintiff requested a two week leave of absence

2

to deal with "some family issues" relating to the death of his mother. See Exhibit A, which is attached hereto and incorporated in the herein complaint.

11. In a letter dated March 11, 2002, said Superintendent, acting on behalf of Defendant, acknowledged receipt of Plaintiff's letter, but denied Plaintiff's request for a leave of absence. See Exhibit B, which is attached hereto and incorporated in the herein complaint.

12. In a letter dated March 21, 2002, said Superintendent, acting on behalf of Defendant, terminated Plaintiff's employment. See Exhibit C, which is attached hereto and incorporated in the herein complaint.

13. In a letter dated April 12, 2002, said Superintendent, acting on behalf of Defendant, affirmed the decision to terminate Plaintiff's employment, having determined that Plaintiff "provided no satisfactory explanation for (his) absence and no bona fide reasons why (the Superintendent) should grant (him) a leave of absence." See Exhibit D, which is attached hereto and incorporated in the herein complaint.

14. At all times material herein, Defendant failed, neglected, or refused to notify Plaintiff of his rights under the FMLA.

15. At all times material herein, Plaintiff's absences from work were based on a good faith belief that prior to his termination, his March 1, 2002 leave request, and request for an extension thereafter, had been approved by Defendant, its agents, employees, or assigns.

16. At all times material herein, Plaintiff's requests for leave were made in good faith and for legitimate reasons under the FMLA.

17. As a direct result of Defendant's unlawful conduct, willful or otherwise, Plaintiff has suffered adverse personnel action and has incurred, and continues to incur, financial and emotional distress damages.

18. The actions of Defendant violate Plaintiff's rights under the FMLA.

WHEREFORE, Plaintiff prays that this Honorable Court:

a) Grant Plaintiff injunctive relief;

b) Enter judgment in favor of Plaintiff;

c) Award Plaintiff compensatory and punitive damages, costs, prejudgment interest, as well as a reasonable attorney fee; and

d) And award such other relief as this Honorable Court deems fair and just.

                              Respectfully submitted on behalf of
                              Plaintiff, James R. Liddell, Jr., by
                              his attorney:

                              Howard Mark Fine, Esquire
                              86 Sherman Street
                              Cambridge, Massachusetts 02140-3233
                              617-868-9200
                              B.B.O. 554671

Dated: March 1, 2004


PLAINTIFF'S EXHIBIT A

3-01-02

Dear Dr. Pacy,

My name is James R. Liddell, Jr. I am Sr. Building Custodian at Coelho Middle School.

I am requesting a leave of absence from work for two weeks. (March 4 thru March 15.)

I have some family issues to deal with due to the recent death of my mother.

I would appreciate what ever you can do to help me.

Thank you,
James R. Liddell Jr.

RECEIVED
SUPERINTENDENT'S OFFICE
MAR 2 2002
ATTLE
SCHOOL SYSTEM

# ATTLEBORO PUBLIC SCHOOLS
### 100 RATHBUN WILLARD DRIVE, ATTLEBORO, MASSACHUSETTS 02703

RONALD W. PACY
SUPERINTENDENT OF SCHOOLS

TELEPHONE (508) 222-0012 *103
FAX. (508) 223-1577

March 11, 2002

Mr. James Liddell
104 Woodstock Road
Attleboro, MA 02703

Dear Mr. Liddell:

I received your letter dated March 1, 2002 requesting a leave of absence.

Your request for a leave of absence is denied. You are expected to be present at work.

Sincerely,

Ronald W. Pacy
Superintendent of Schools

RWP/as
cc: Joel Lovering

# ATTLEBORO PUBLIC SCHOOLS



100 RATHBUN WILLARD DRIVE, ATTLEBORO, MASSACHUSETTS 02703

MAR 2 5 2002

RONALD W. PACY
SUPERINTENDENT OF SCHOOLS

TELEPHONE (508) 222-0012 *103
FAX. (508) 223-1577



March 21, 2002
Certified Mail No. 7000 0600 0025 9802 5024

Mr. James Liddell
104 Woodstock Road
Attleboro, MA 02703

Dear Mr. Liddell:

You have been absent without authority for more than 14 days. I am informing you that according to M.G.L. Chapter 31, Section 38, you are considered to have permanently and voluntarily separated yourself from the employ of the Attleboro Public Schools.

You may, within 10 tens after the mailing of this letter, request a hearing before me.

Sincerely,

Ronald W. Pacy
Superintendent of Schools

RWP/as
enclosure (copy of law)
cc: Joel Lovering
    Edward F. Lenox, Esq.

# ATTLEBORO PUBLIC SCHOOLS
*100 RATHBUN WILLARD DRIVE, ATTLEBORO, MASSACHUSETTS 02703*

RONALD W. PACY
SUPERINTENDENT OF SCHOOLS

TELEPHONE (508) 222-0012 *103
FAX (508) 223-1577


PLAINTIFF'S EXHIBIT D

April 12, 2002

Mr. James Liddell
104 Woodstock Road
Attleboro, MA 02703

Dear Mr. Liddell:

As you know, in a letter to you dated March 21, 2002, I informed you, consistent with G. L. Chapter 31, Section 38, that you had permanently and voluntarily separated yourself from the employ of the Attleboro School Department by virtue of your unauthorized absence since February 27, 2002. At your request, on April 3, 2002, I conducted a hearing with you on this issue, at which time you were accompanied by a union representative.

Please be informed that at the hearing you provided no satisfactory explanation for your absence and no bona fide reason why I should grant you a leave of absence. Therefore, I am reiterating my earlier decision that you have permanently and voluntarily separated yourself from your employment. Such separation will be effective immediately.

Enclosed is a copy of the letter which I have filed with the Commonwealth's Personnel Administrator in regard to this action.

Sincerely,

Ronald W. Pacy
Superintendent of Schools

RWP/as