# Howard Mark Fine
*Attorney at Law*

86 Sherman Street, Cambridge, Massachusetts 02140-3233
Telephone: 617-868-9200 ▪ FAX: 617-868-8400

June 23, 2004

Clerk's Office – Civil
United States District Court for
　the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, Massachusetts  02210

　　　　**RE: James R. Liddell, Jr. v. City of Attleboro, Civil Action No. 04CV10409WGY**

BY ELECTRONIC FILING

Dear Sir or Madam:

On behalf of the plaintiff in the above-referenced matter, James R. Liddell, Jr., I enclose for docketing and filing his "First Amended Complaint, Relief Requested, and Jury Demand."

Thank you for your attention to this matter.


Very truly yours,


s/Howard Mark Fine
Howard Mark Fine, Esquire

HMF/hf

Enc.

cc:　　Mr. James R. Liddell, Jr.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV10409WGY

_____
                                          )
JAMES R. LIDDELL, JR.         )
    Plaintiff                            )
                                          )
    v.                                   )
                                          )
CITY OF ATTLEBORO            )
    Defendant                         )
_____)

## FIRST AMENDED COMPLAINT, RELIEF REQUESTED, AND JURY DEMAND

### INTRODUCTION

1. This is a complaint for compensatory and punitive money damages brought by James R. Liddell, Jr. ("Plaintiff") for the deprivation of the Plaintiff's rights under the Family and Medical Leave Act ("FMLA") against the City of Attleboro ("Defendant") for denying Plaintiff's requests for leave, commencing on or about March 1, 2002, and terminating his employment. Plaintiff further avers that he was subjected to handicap employment discrimination and seeks relief for violation of state law pursuant to M.G.L. c. 151B.

### JURISDICTION

2. Jurisdiction is based on Title 29 U.S.C.A. §§2601 et seq.

### PARTIES

3. The Plaintiff, James R. Liddell, Jr., is a natural person and a resident of the City of Attleboro, Bristol County, in the District of Massachusetts. He is a lawful citizen of the United States.

4. The Defendant, City of Attleboro, is at all times relevant to this complaint a municipal corporation, situated in Bristol County, and duly organized under the laws of the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

5. Plaintiff began working for Defendant as a Building Custodian in 1986. In 1987 he was promoted to Senior Building Custodian. His last assignment was at the Coehlo Middle School.

6. Shortly before his termination, Plaintiff had been caring for his elderly mother who was in ill health. On February 16, 2002, Plaintiff's mother died.

7. At or around the time of his mother's deteriorating health, Plaintiff's daughter was experiencing serious mental health problems that affected her ability to function in school.

8. At all times material hereto, Plaintiff's daughter attended the Attleboro Middle Schools, including the Coehlo.

9. As a result of his dealing with his mother's declining health and family issues, Plaintiff became increasingly depressed, anxious, and worried. His physician placed him on medication (Paxil) and he began seeing a therapist.

10. At all times material herein, Defendant, by or through its agents, was aware of these serious health issues concerning Plaintiff and his immediate family.

11. At all times material herein, Defendant, by or through its agents, was aware that Plaintiff was experiencing emotional problems and having difficulty working.

12. On March 1, 2002, or thereabout, Plaintiff, at the suggestion of his supervisor, Jason Parenteau (a Facilities Manager at Sedexho), wrote to Dr. Ronald W. Pacy,

Defendant's Superintendent of the Attleboro School to request a two week leave of absence to deal with "some family issues" relating to the death of his mother. See Exhibit A, which is attached hereto and by reference incorporated in the herein complaint. Based on Plaintiff's information and belief, said Superintendent had approved of his leave request.

13. At all times material herein, Mr. Parenteau and Sedexho were agents of Defendant concerning the supervision of Plaintiff.

14. On or about March 15, 2002, Plaintiff requested from Mr. Parenteau that Defendant grant him one week of additional leave. Based on Plaintiff's information and belief, his leave extension request was granted.

15. In a letter dated March 21, 2002, said Superintendent, acting on behalf of Defendant, terminated Plaintiff's employment. See Exhibit B, which is attached hereto and by reference incorporated in the herein complaint.

16. On or about March 26, 2002, Plaintiff and his wife, Deborah Liddell, were falsely accused, presumably by Defendant, of educationally neglecting their daughter (Christine). On June 11, 2004, Massachusetts Department of Social Services, in writing, notified Plaintiff that it found no basis to support this allegation.

17. In a letter dated April 12, 2002, said Superintendent, acting on behalf of Defendant, affirmed the decision to terminate Plaintiff's employment, having determined that Plaintiff "provided no satisfactory explanation for (his) absence and no bona fide reasons why (the Superintendent) should grant (him) a leave of absence." See Exhibit C, which is attached hereto and by reference incorporated in the herein complaint.

3

18. On or about May 9, 2002, Plaintiff filed an administrative complaint with the Massachusetts Commission Against Discrimination (the "MCAD") alleging discrimination on the basis of his disability (docket no. 02BEM01986), in violation of M.G.L. c. 151B, §4(16).

19. On June 10, 2004, the MCAD dismissed Plaintiff's administrative complaint, per the latter's request, so that Plaintiff could pursue a civil action pursuant to M.G.L. c. 151B, §9.

## COUNT I: FMLA VIOLATION

20. Plaintiff restates and re-avers the above paragraphs 1 to 19 as if expressly set forth herein.

21. At all times material herein, Defendant failed, neglected, and/or refused to notify Plaintiff of his rights under the FMLA.

22. At all times material herein, Plaintiff's absences from work were based on a good faith belief that prior to his termination, his March 1, 2002 leave request and request for an extension thereafter, had been approved by Defendant, its agents, employees, or assigns.

23. At all times material herein, Plaintiff's requests for leave were made in good faith and for legitimate reasons under the FMLA.

24. The actions of Defendant violate Plaintiff's rights under the FMLA.

25. The Defendant failed, neglected, and/or refused to explore and provide a reasonable accommodation for Plaintiff's disability.

26. As a direct and/or foreseeable result of Defendant's unlawful conduct, willful or otherwise, Plaintiff has suffered adverse personnel action and has incurred, and continues to incur, financial and emotional distress damages.

### COUNT II: STATE DISABILITY DISCRIMINATION VIOLATION

27. Plaintiff restates and re-avers the above paragraphs 1 to 26 as if expressly set forth herein.

28. At all times material herein, Plaintiff suffered from a "handicap," as that term is defined by M.G.L. c. 151B, §1(17).

29. At all times material herein, Plaintiff's handicap interfered with his "major life activities," as that term is defined by M.G.L. c. 151B, §1(20).

30. At all times material herein, Plaintiff's was a "qualified handicapped person," as that term is defined by M.G.L. c. 151B, §1(20).

31. Defendant, personally or through its agents, refused to provide Plaintiff with a reasonable accommodation for his handicap.

32. With a reasonable accommodation, Plaintiff would have been capable of performing the essential duties of his position.

33. Defendant's dismissal of Plaintiff from employment was because of unlawful discriminatory motive, in violation of M.G.L. c. 151B, c. 4, §16.

34. As a direct and/or foreseeable result of Defendant's willful unlawful conduct, Plaintiff has incurred, and continues to incur, financial and emotional distress damages.

WHEREFORE, Plaintiff prays that this Honorable Court:

a)      Grant Plaintiff injunctive relief;

5

b)   Enter judgment in favor of Plaintiff;

c)   Award Plaintiff compensatory and punitive damages, costs, prejudgment interest, as well as a reasonable attorney fee; and

d)   And award such other relief as this Honorable Court deems fair and just.

    Respectfully submitted on behalf of
Plaintiff, James R. Liddell, Jr., by
his attorney:


<u>s/Howard Mark Fine</u>
Howard Mark Fine, Esquire
86 Sherman Street
Cambridge, Massachusetts  02140-3233
617-868-9200
B.B.O. 554671

Dated: June 23, 2004