**MURPHY, HESSE, TOOMEY & LEHANE, LLP**
**Attorneys At Law**

CROWN COLONY PLAZA
300 CROWN COLONY DRIVE, SUITE 410
P.O. BOX 9126
QUINCY, MA 02269-9126
TEL: (617) 479-5000   FAX: (617) 479-6469

WORLD TRADE CENTER EAST
TWO SEAPORT LANE
BOSTON, MA 02210
TEL: (617) 479-5000   FAX: (617) 338-1324

ONE MONARCH PLACE, SUITE 1310R
SPRINGFIELD, MA 01144
TEL: (800) 227-6485   FAX: (617) 479-6469

| | |
|---|---|
| Arthur P. Murphy | Geoffrey P. Wermuth |
| James A. Toomey | Joseph T. Bartulis, Jr. |
| Katherine A. Hesse | Clifford R. Rhodes, Jr. |
| Michael C. Lehane | Kathryn M. Murphy |
| John P. Flynn | Scott E. Bettencourt |
| Regina Williams Tate | Stacey G. Bloom |
| Edward F. Lenox, Jr. | Michael R. Bertoncini |
| Mary Ellen Sowyrda | Rachel A. Israel |
| David A. DeLuca | Kristin Bierly Magendantz |
| Ann M. O'Neill | Adam D. Janoff |
| Michael F.X. Dolan, Jr. | Thomas W. Colomb |
| Donald L. Graham | Monica Swanson Tesler |
| Andrew J. Waugh | David A. Appugliese |
| J. David Moran | Jennifer N. Geosits |
| Doris R. MacKenzie Ehrens | Bryan R. LeBlanc |
| Mary L. Gallant | Kimberly A. Mucha |
| Robert M. Delahunt, Jr. | Jason M. Gesing |
| Lorna M. Hebert | Christina Gentile |
| | Beth Leopold Ross |

Of Counsel
Paul F. Dempsey          Scott Harshbarger
William P. Breen, Jr.

*Please Respond to Quincy*

July 27, 2004

Clerk's Office-Civil
United States Court for
   the District of Massachusetts
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA 02210

   Re:   <u>James R. Liddell, Jr. v. City of Attleboro, Civil Action No. 04CV10409WGY</u>

<u>BY ELECTRONIC FILING</u>

Dear Sir or Madam:

   On behalf of the Defendant, in the above-referenced matter, City of Attleboro, I enclose for docketing and filing its "Answer to First Amended Complaint and Jury Demand."

   Thank you for your attention to this matter.

                           Very truly yours,


                           /s/ Lorna M. Hebert, Esq.



LMH.jc
Encl.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
***************************
JAMES R. LIDDELL, JR,        *
        Plaintiff            *      CIVIL ACTION NO.: 04-CV10409WGY
                             *
v.                           *
                             *
CITY OF ATTLEBORO,           *
        Defendant            *
***************************
```

## ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendant City of Attleboro hereby responds to the allegations contained in the Amended Complaint, paragraph by paragraph, as follows:

### INTRODUCTION

1. Defendant denies that Plaintiff, James R. Liddell, Jr. ("Liddell") was subjected to handicap employment discrimination in violation of state law under G.L. c. 151B and denies that it violated the Family Medical Leave Act (the "FMLA") or engaged in any other unlawful conduct. The remainder of the paragraph requires no response.

### JURISDICTION

2. No response is required.

### PARTIES

3. Defendant admits that Liddell is a natural personal. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Complaint.

4. Defendant admits the allegations in paragraph 4 of the Complaint.

## FACTUAL ALLEGATIONS

5. Defendant admits the allegations in paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Defendant admits that Liddell's daughter, Christine Liddell ("Christine"), attended Wamsutta Middle School and Coelho Middle School ("Coelho").

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint.

11. Defendant denies the allegations in paragraph 11 of the Complaint.

12. Defendant admits that on or about February 26, 2002, Liddell asked Jason Parenteau ("Parenteau"), a Facilities Manager at Sedexho, if he could take a two week leave of absence ("LOA") starting the following day to deal with issues related to his mother's death. Parenteau told Liddell that he did not have authority to grant him a LOA and advised Liddell to make the request for a LOA in writing and submit it to Dr. Ronald Pacy ("Superintendent Pacy"), former Superintendent of Attleboro Public Schools ("Attleboro").  Defendant admits that on or about March 1, 2002, Liddell wrote to Superintendent Pacy requesting a two week LOA from March 4 through March 15.  The written request speaks for itself.  Defendant denies that Superintendent Pacy approved of Liddell's request for a LOA.  Defendant also denies that Parenteau had supervisory authority over Liddell and denies that Parenteau had any authority to make important personnel decisions on behalf of Attleboro such as hiring, firing, or granting leaves of absence to

Attleboro employees.

13. Defendants admit that Sedexho and its employee, Parenteau, provided services to Attleboro related to maintenance, custodial, and security management operations. Defendant denies that Sedexho and Parenteau were agents of Attleboro concerning the supervision of Liddell.

14. Defendant denies the allegations in paragraph 14 of the Complaint. Defendant also states that Parenteau never had any authority to grant Liddell a LOA or to extend any LOA.

15. Defendant admits that on or about March 21, 2002, Superintendent Pacy sent Liddell a letter and states that the letter speaks for itself. Defendant denies the allegations of paragraph 15 insofar as they conflict with the contents of the March 21, 2002 letter.

16. Defendant states that on or about March 26, 2002, it made a report to the Department of Social Services (the "DSS") as required by G.L. c. 119, §51A, regarding the educational neglect of Christine. Defendant denies that the report was false. Defendant also states that the DSS issued a letter on April 9, 2002 stating it had reasonable cause, after speaking with Liddell and his wife, Deborah Liddell, to believe Christine had been neglected. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17. Defendant admits that on or about April 12, 2002, Superintendent Pacy sent Liddell a letter and states that the letter speaks for itself. Defendant denies the allegations of paragraph 17 insofar as they conflict with the contents of the April 12, 2002 letter.

18. Defendant admits the allegations in paragraph 18 of the Complaint.

19. Defendant admits the allegations in paragraph 19 of the Complaint.

## COUNT 1: FMLA VIOLATION

20. Defendant hereby repeats and incorporates by reference the answers to the allegations set forth in paragraphs 1 through 19 as if fully set forth herein.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant denies the allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant denies the allegations in paragraph 26 of the Complaint.

## COUNT II: STATE DISABILITY DISCRIMINATION VIOLATION

27. Defendant hereby repeats and incorporates by reference the answers to the allegations set forth in paragraphs 1 through 26 as if fully set forth herein.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

34. Defendant denies the allegations in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint is barred because the decisions regarding Liddell's employment are protected by a qualified privilege and\or an absolute privilege.

## SECOND DEFENSE

Attleboro and its agents are immune from civil liability for filing a report with the DSS pursuant to G.L. c. 119, §51A.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Liddell failed to exhaust his administrative remedies.

## FIFTH DEFENSE

The Complaint is barred by the Statute of Limitations, specifically, 29 U.S.C. §2617(c).

## SIXTH DEFENSE

Any alleged injuries Liddell has suffered resulted from acts of a third person acting outside the scope of employment.

## SEVENTH DEFENSE

All claims against the Defendant are barred by the doctrines of qualified immunity and common law immunity.

## EIGHTH DEFENSE

Count II is barred because Liddell fails to state a prima facie case of discrimination, nor could he prove such claims.

## NINTH DEFENSE

Liddell was not eligible for FMLA leave.

## TENTH DEFENSE

Liddell did not satisfy the notice requirements for FMLA leave.

<u>JURY DEMAND</u>

Defendant demands a trial by jury.

WHEREFORE, having fully answered Liddell's Complaint, Defendant respectfully requests the Court dismiss with prejudice the Complaint in its entirety and grant Defendant attorneys fees and costs, and for such further relief as the Court deems appropriate.

        Respectfully submitted,
        CITY OF ATTLEBORO

        By its Attorney,

        <u>/s/ Lorna M. Hebert</u>
        Lorna M. Hebert, BBO #559493
        Murphy, Hesse, Toomey and Lehane
        300 Crown Colony Drive, P.O. Box 9126
        Quincy, MA 02269-9126
        Telephone: (617) 479-5000
        EMAIL: lhebert@mhtl.com
        BBO# 559493

July 27, 2002

Case 1:04-cv-10409-WGY     Document 4     Filed 07/27/2004     Page 8 of 8