UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
***************************
JAMES R. LIDDELL, JR,       *
      Plaintiff             *    CIVIL ACTION NO.: 04-CV10409WGY
                            *
v.                          *
                            *
CITY OF ATTLEBORO,          *
      Defendant             *
***************************
```

### DEFENDANT'S MOTION TO AMEND ANSWER
### TO FIRST AMENDED COMPLAINT AND JURY DEMAND

Defendant City of Attleboro respectfully moves to amend its Answer to First Amended Complaint and Jury Demand to add an affirmative defense based on the doctrine of collateral estoppel. As reasons therefore, the Defendant states the following:

1.  Plaintiff James Liddell ("Liddell") worked as a Senior Building Custodian for Attleboro Public Schools ("Attleboro") since 1987. On February 16, 2002, Liddell's mother died. On February 26, Liddell asked a contractor of Attleboro if he could take a two week leave of absence ("LOA") starting the following day to deal with family issues related to his mother's death. The contractor advised Liddell to make the request for a LOA in writing and submit it to the School Superintendent. Liddell did not show up for work on February 27 or 28 and did not call in to report his absences.

2. On March 1, Liddell submitted a written request to the Superintendent for a two week LOA from March 4 through March 15. The request was never granted. Despite this, Liddell did not show up for work from March 4 through March 15, or any time thereafter. Consequently, on March 21, pursuant to the provisions of G.L. c. 31, §38, the Superintendent notified Liddell that as a result of being absent without authority for more than 14 days, he was considered to have

permanently and voluntarily separated himself from service. The decision was confirmed after a hearing on April 3.

3. Following his termination from employment, Liddell applied for unemployment benefits. The Massachusetts Department of Employment and Training (the "DET") denied Liddell's claim for unemployment benefits under G.L. c. 151A, §25(e)(2). The DET found that Liddell's failure to return to work was "deliberate misconduct in wilful violation of the employing unit's interest...."

4. The issue of whether Liddell was rightfully absent from work was actually litigated and determined by a valid and final judgement of an administrative agency, namely, the DET, the determination was essential to the judgement, and, thus, the determination is conclusive in the current action between the parties.

WHEREFORE, the defendant respectfully moves to amend its Answer to First Amended Complaint and Jury Demand to add an affirmative defense based on the doctrine of collateral estoppel.

A Memorandum of Law in Support of this Motion and the Proposed Amended Answer to First Amended Complaint and Jury Demand are attached hereto.

    Respectfully submitted,
    CITY OF ATTLEBORO

    By its Attorney,

    /s/ Lorna M. Hebert
    Lorna M. Hebert, BBO #559493
    Murphy, Hesse, Toomey and Lehane
    300 Crown Colony Drive, P.O. Box 9126
    Quincy, MA 02269-9126
    Telephone: (617) 479-5000
    EMAIL: lhebert@mhtl.com
    BBO# 559493

September 29, 2004