UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
***************************
JAMES R. LIDDELL, JR,       *
      Plaintiff             *     CIVIL ACTION NO.: 04-CV10409WGY
                            *
v.                          *
                            *
CITY OF ATTLEBORO,          *
      Defendant             *
***************************
```

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO AMEND ANSWER
TO FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff James Liddell ("Liddell") filed an Amended Complaint against the Defendant City of Attleboro alleging violation of the Family Medical Leave Act (the "FMLA") and handicap discrimination in violation of G.L.c. 151B. Defendant filed an answer to the Amended Complaint. Defendant now seeks to amend its answer to the Amended Complaint to add the affirmative defense of collateral estoppel.

Facts

Liddell worked as a Senior Building Custodian for Attleboro Public Schools ("Attleboro") since 1987. On February 16, 2002, Liddell's mother died. On February 26, Liddell asked a contractor of Attleboro if he could take a two week leave of absence ("LOA") starting the following day to deal with issues related to his mother's death. The contractor advised Liddell to make the request for a LOA in writing and submit it to the School Superintendent. Liddell did not show up for work on February 27 or 28 and did not call in to report his absences.

On March 1, Liddell submitted a written request to the Superintendent for a two week LOA from March 4 through March 15 to deal with some "family issues" related to the death of his mother. The request was never granted. Despite this, Liddell did not show up for work from March 4 through March 15, or any time thereafter. Consequently, on March 21, pursuant to the provisions of G.L. c. 31, §38, the Superintendent notified Liddell that as a result of being absent without authority for more than 14 days, he was considered to have permanently and voluntarily separated himself from service. The decision was confirmed after a hearing on April 3.

Following his termination from employment, Liddell applied for unemployment benefits. The Massachusetts Department of Employment and Training (the "DET") denied Liddell's claim for unemployment benefits under G.L. c. 151A, §25(e)(2). The DET found that Liddell's failure to return to work was "deliberate misconduct in wilful violation of the employing unit's interest...." Ex. 1.

## ARGUMENT

As stated by the Massachusetts Supreme Judicial Court, "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgement, and the determination is essential to the judgement, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." Fireside Motors, Inc. v. Nissan Motor Corp. in U.S.A., 395 Mass. 366, 372 (1985). See Jarosz v. Palmer, 436 Mass. 526, 530-531 (2002). The purpose of the doctrine is "to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure the finality of judgments." Martin v. Ring, 401 Mass. 59, 61 (1987). The doctrine of collateral estoppel may be applied to decisions of administrative agencies so long as the administrative agency has the legal authority to adjudicate the dispute. Alba v.

Raytheon Company, 441 Mass. 836, 841 (2004)(barring G.L.c. 151B claim of handicap discrimination after applying collateral estoppel with respect to determination by administrative judge in workers compensation case).

In order to apply the collateral estoppel defense, the following must be established: (1) there was a final judgement on the merits in the prior adjudication, (2) the party against whom estoppel is asserted was a party (or in privity with a party) to the prior adjudication; (3) the issue decided in the prior adjudication was identical with the one presented in the action in question; and (4) the issue decided in the prior adjudication was essential to the judgment in the prior adjudication. Alba, 441 Mass. at 521; Martin, 401 Mass. at 61-62; Green v. Brookline, 53 Mass.App.Ct. 120, 123 (2001).   These elements are met in the instant action.

Here, there was a final judgment of the merits following a hearing at the DET and the parties are identical.  Moreover the issue presented at the DET is identical to the one presented in the current case, namely, was Liddell lawfully excused from his absences from work.  Further, the DET'S determination that Liddell was inexcusably absent from work was essential to its judgment denying unemployment benefits to Liddell.

Pursuant to Rule 15 (a) of the Fed.R.Civ.P., courts should freely grant leave to amend pleadings when justice so requires.  Given the facts of this case and the current state of the law, justice requires that the Defendant's Motion to Amend Answer to First Amended Complaint and Jury Demand to add an affirmative defense based on the doctrine of collateral estoppel be allowed.

WHEREFORE, the Defendant respectfully moves to amend its Answer to First Amended Complaint and Jury Demand to add an affirmative defense based on the doctrine of collateral estoppel.

                                      Respectfully submitted,
                                      CITY OF ATTLEBORO

                                      By its Attorney,

                                      /s/ Lorna M. Hebert
                                      Lorna M. Hebert, BBO #559493
                                      Murphy, Hesse, Toomey and Lehane
                                      300 Crown Colony Drive, P.O. Box 9126
                                      Quincy, MA 02269-9126
                                      Telephone: (617) 479-5000
                                      EMAIL: lhebert@mhtl.com
                                      BBO# 559493

September 29, 2004