UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04CV10409WGY

```
_____
                              )
JAMES R. LIDDELL, JR.         )
      Plaintiff               )
                              )
      v.                      )
                              )
CITY OF ATTLEBORO             )
      Defendant               )
_____)
```

**PLAINTIFF'S MOTION AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND ANSWER TO FIRST AMENDED COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

COMES now Plaintiff James R. Liddell, Jr. ("Plaintiff") in the above-captioned matter and, pursuant to LR. 7.1(B)(2), submits the herein motion and memorandum in opposition to Defendant City of Attleboro's ("Defendant") motion to amend its answer to include collateral estoppel as an affirmative defense to Plaintiff's First Amended Complaint and Jury Demand.

**PROCEDURAL AND FACTUAL BACKGROUND**

In 1986, Plaintiff began working for Defendant as a Building Custodian. See First Amended Complaint at ¶5.

Shortly before Defendant terminated Plaintiff's employment, Plaintiff was caring for his elderly mother who was in ill health. Id. at ¶6. At or around the same time, Plaintiff's daughter was experiencing serious mental health issues that affected her ability to function in school. Id. at ¶7. At all times material to the herein civil action, Plaintiff's

daughter attended the same school where Plaintiff worked as a Senior Building Custodian. Id. at ¶¶5, 8.

As a result of Plaintiff's dealing with his immediate family's health issues, Plaintiff became increasingly depressed, anxious, and worried, for which he sought treatment with medication and therapy. Id. at ¶9.

Defendant concedes that on or about February 26, 2002, Plaintiff sought a leave of absence from Jason Parenteau ("Parenteau"). See Answer at ¶12. Disputed facts exist as to whether Parenteau served and/or functioned as Plaintiff's supervisor. At Parenteau's suggestion, Plaintiff, on March 1, 2002, wrote to Defendant's Superintendent of the Attleboro Schools to request a two-week leave of absence to deal with "some family issues" relating to the death of his mother. See First Amended Complaint at ¶12 and Exhibit A attached thereto. On March 15, 2002, Plaintiff further requested from Parenteau that Defendant grant him an additional one week of leave. Id. at ¶14. At all times material herein, Plaintiff reasonably believed that the Superintendent approved his requests for leave.

On March 15, 2002, the Superintendent terminated Plaintiff's employment, pursuant to M.G.L. c. 31, §38. Id. at ¶15. On April 12, 2002, the Superintendent affirmed his earlier decision, having found that Plaintiff "provided no satisfactory explanation for . . . his absence and no bona fide reasons why (the Superintendent) should grant you a leave of absence." Id. at ¶17 and Exhibit C attached thereto.

On April 11, 2002, Plaintiff applied for unemployment benefits. See Exhibit 1 attached to Defendant's Motion to Amend Answer. On May 30, 2002, the Massachusetts Division of Employment and Training ("DET") - without a hearing - disqualified Plaintiff

for benefits after determining that he was discharged "due to deliberate misconduct in willful disregard of the employing unit's interest" for having "failed to return to work following an implied leave of absence." Id.

Further, on April 10, 2002, Plaintiff appealed his discharge to the Massachusetts Civil Service Commission (D-02-76).[1]

On or about May 9, 2002, Plaintiff timely filed an administrative complaint with the Massachusetts Commission Against Discrimination and thereafter removed his case to pursue a civil action before this Honorable Court on grounds of handicap discrimination and violation of the Family Medical Leave Act ("FMLA"). On March 1, 2003, Plaintiff filed suit. On June 23, 2004, Plaintiff amended his complaint and on June 24, 2004 served it upon Defendant. On July 27, 2004, Defendant filed its answer with the Court.

**LEGAL ARGUMENT**

Defendant erroneously asserts that, pursuant to Fed.R.Civ.P. 15(a), justice requires that this Honorable Court grant Defendant leave to amend its original answer to add the affirmative defense of collateral estoppel. Specifically, Defendant seeks to rely on DET's disqualification of benefits notice as the sole basis for raising this defense. Plaintiff submits that Defendant's motion, as a matter of law, and for reasons of fairness, must be denied.

A.   Relevant Law.

As noted by Defendant, the doctrine of collateral estoppel provides that "(w)hen an issue of fact or law is actually litigated and determined by a valid and final judgment,

---

[1] Pending before the Massachusetts Civil Service Commission is Defendant's November 4, 2003 contested motion to dismiss on jurisdictional grounds. To date, no action has been taken on that motion.

3

and determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or different claim.  See Alba v. Raytheon Company, 441 Mass. 836, 841 (2004) (citations omitted).  As a corollary, Massachusetts courts also have stated that "(t)he guiding principle in determining whether to allow the defensive use of collateral estoppel is whether the party against whom it is asserted 'lacked full and fair opportunity to litigate the issue in the first action or (whether) other circumstances justify affording him an opportunity to relitigate the issue.'"  Martin v. Ring, 401 Mass. 59, 62, quoting Fidler v. E.M. Parker Co., 394 Mass. 534, 541 (1985).

In Alba, the Massachusetts Supreme Judicial Court stated that before the doctrine may be applied, a court must affirmatively answer the following questions:

> 1) was there a final judgment on the merits in the prior adjudication; 2) was the party against whom estoppel is asserted a party (or in privity with a party) to the prior adjudication; 3) was the issue decided in the prior adjudication identical with the one presented in the action in question; and 4) was the issue decided in the prior adjudication essential to the judgment in the prior adjudication?

Supra at 843, citing Martin supra at 61-62; Green v. Brookline, 53 Mass.App.Ct. 120, 123 (2001).

B.  As a Matter of Law, Defendant is Barred from Asserting the Doctrine of Collateral Estoppel in this Circumstance.

Applying the above analytical framework to the merits of Defendant's argument, the Court is justified to reject Defendant's motion to amend for several reasons.

First, unlike Alba, the DET determination disqualifying Plaintiff for unemployment benefits was not "the product of full litigation and careful decision."  Id. at 839, 844 (in affirming the summary judgment for the employer, the Alba court

4

concluded that the administratrix of the employee's estate was collaterally barred from pursuing a state handicap discrimination claim under M.G.L. c. 151B, noting *inter alia* that the "litigants had a full and fair opportunity to litigate, and did litigate, the relevant issues in the first proceeding" (during six days of hearings with fifteen witnesses before the Massachusetts Department of Industrial Accidents); see also Commissioner of Dept. of Emp. v. Dugan, 697 N.E.2d 533, 537 (Mass. 1998) (affirming the DET Hearing Officer's decision that findings from an earlier contested discharge hearing – findings which the Court concluded sufficiently addressed the aggrieved employee's mental state – precluded the employee from relitigating facts as to whether her actions constituted deliberate misconduct). Rather, the initial determination of Plaintiff's ineligibility was made without the benefit of an evidentiary hearing or testimony of the parties. Hence, under the above case law, collateral estoppel should not apply since the relevant issues concerning Plaintiff's handicap discrimination claim and FMLA claim were never subjected to the scrutiny of a full adjudicatory proceeding. Cf. LePage v. Bumilla, 407 Mass. 163, 165-167 & n.4, 552 N.E.2d 80 (1990) cited in Dugan infra n.4 ("[i]n a different context, we held that it would be unfair to deem that a defendant, who was found '[r]esponsible' for a traffic offense and paid a $40 fine without appealing, had made an admission of liability for purposes of a subsequent civil action").

Second, for reasons of fairness, compelling circumstances do not exist to bar Plaintiff from litigating fully facts essential to the disposition of his civil claims. Compare Tuper v. North Adams Ambulance Service, 697 N.E.2d 983, 986 (Mass. 1998) (in a case of first impression, the Massachusetts Supreme Judicial Court, based on "over-all considerations of fairness," rejected an employee's offensive use of collateral estoppel

5

to preclude an employer from relitigating the DET Board of Review's determinations that he did not act insubordinate or disobey a direct order; wherein the Court observed that the DET proceedings were "relatively informal" and the employer's "stake in the adjudication was relatively small").

Third, the DET determination, on its face, falls woefully short of assessing not only Plaintiff's state of mind - that is, whether Plaintiff intentionally acted in disregard of Defendant's legitimate interests - but also Defendant's intent as well.  See Dir. of Div. of Employ. Sec. v. Mattapoisett, 467 N.E.2d 1363, 1367 (Mass. 1984) (in an earlier discharge proceeding before a school committee, since the adjudication resulting therefrom had no bearing on the critical factual issue involving a tenured teacher's state of mind at the time of her misconduct, it had no preclusive effect in determining the teacher's subsequent eligibility for unemployment benefits).  Specifically, the determination failed to contemplate whether Plaintiff knowingly violated Defendant's applicable leave policy or whether such a policy was reasonable and uniformly enforced. See M.G.L. c. 151E, §25(e)(2).  In addition, where the motivation of the Defendant is essential to adjudicating Plaintiff's claim of handicap discrimination, the DET determination fails to address whether discriminatory animus existed and, if so, whether it was a determinative factor in explaining Defendant's failure to reasonably accommodate Plaintiff.  See Lipchitz v. Raytheon Company, 434 Mass. 493, 504 (2001) (in indirect evidence cases, plaintiff must prove that the defendant's adverse personnel action was based on discriminatory animus).  Since the DET determination failed to address or treat these essential issues, the doctrine of collateral estoppel should not apply in this instance.

6

Lastly, Defendant is barred from raising a collateral estoppel defense pursuant to M.G.L. c. 151A, §46.  According to §46, information secured pursuant to c. 151A is confidential, not a public record, absolutely privileged, and inadmissible in any action or proceeding, with few notable exceptions, none of which are applicable to Plaintiff's suit.  It is has been held that the language of the statute is sufficiently clear and unambiguous to preclude any reference to proceedings before the DET Board of Review and decision in a civil action.  Tuper supra at 986-987.  Contrary to Tuper, Defendant seeks to raise an affirmative defense that is expressly prohibited under §46.  Accordingly, Defendant's motion to amend its answer, as a matter of law, must be denied.

## **CONCLUSION**

WHEREFORE, for reasons of justice and fairness and as matter of law, Plaintiff respectfully requests that this Honorable Court deny Defendant's motion to add as an affirmative defense based on the doctrine of collateral estoppel.

                                                 Respectfully submitted on behalf of
                                                 Plaintiff, James R. Liddell, Jr., by
                                                 his attorney:

                                               /s/Howard Mark Fine
                                               Howard Mark Fine, Esquire
                                               86 Sherman Street
                                               Cambridge, Massachusetts  02140-3233
                                               617-868-9200
                                               B.B.O. 554671

Dated: October 25, 2004

<u>CERTIFICATE OF SERVICE</u>

     I, Howard Mark Fine, counsel for Plaintiff James R. Liddell, Jr., in the above-captioned matter, hereby affirm that I have served, using first class mail, postage prepaid, the herein Plaintiff's Motion and Memorandum in Opposition to Defendant's Motion to Amend Answer to First Amended Complaint and Jury Demand to the following counsel of record: Attorney Lorna M. Hebert, Murphy, Hesse Toomey and Lehane, 300 Crown Colony Drive, P.O. Box 9126, Quincy, Massachusetts  02269-9126.

                                      /s/Howard Mark Fine
                                      Howard Mark Fine, Esquire
                                      86 Sherman Street
                                      Cambridge, Massachusetts  02140-3233
                                      617-868-9200
                                      B.B.O. 554671

Dated: October 25, 2004