UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
***************************
JAMES R. LIDDELL, JR,       *
        Plaintiff           *       CIVIL ACTION NO.: 04-CV10409WGY
                            *
v.                          *
                            *
CITY OF ATTLEBORO,          *
        Defendant           *
***************************
```

DEFENDANT'S MOTION TO COMPEL DISCOVERY

Pursuant to Fed.R.Civ.P. 37(a) and Local Rule 37.1, Defendant City of Attleboro files this Motion seeking an order compelling Plaintiff James R. Liddell, Jr. ("Liddell") to answer interrogatories and produce requested documents. Specifically, Defendant requests Liddell to produce documents responsive to requests 3 and 17 and answer interrogatories 8, 17, and 22. As reasons therefore, Defendant states the following:

FACTS

Liddell worked as a Senior Building Custodian for Attleboro Public Schools ("Attleboro") since 1987. On February 16, 2002, Liddell's mother died. On February 26, Liddell asked a contractor of Attleboro if he could take a two week leave of absence ("LOA") starting the following day to deal with issues related to his mother's death. The contractor advised Liddell to make the request for a LOA in writing and submit it to the School Superintendent. Liddell did not show up for work on February 27 or 28 and did not call in to report his absences.

On March 1, Liddell submitted a written request to the Superintendent for a two week LOA from March 4 through March 15 to deal with some "family issues" related to the death of

his mother. The request was never granted. Despite this, Liddell did not show up for work from March 4 through March 15, or any time thereafter. Consequently, on March 21, pursuant to the provisions of G.L. c. 31, §38, the Superintendent notified Liddell that as a result of being absent without authority for more than 14 days, he was considered to have permanently and voluntarily separated himself from service. The decision was confirmed after a hearing on April 3.

## NATURE OF THE CASE

Liddell filed an Amended Complaint against the Defendant alleging violation of the Family Medical Leave Act (the "FMLA") and handicap discrimination in violation of G.L.c. 151B. In support of his FMLA claim and G.L. c. 151B claim, Liddell alleges that he has a number of mental and physical disabilities. Relative to the mental disabilities, Liddell alleges that he has been diagnosed with depression and anxiety. Liddell also claims that he suffered emotional distress as a result of alleged actions of the Defendant.

## DISCOVERY SOUGHT

In requests 3 and 17 of Defendant's Request for Production of Documents and Interrogatories 7, 8, 17, 22, the Defendant requested documents and information pertaining to medical professionals who have treated Liddell. After citing a number of objections, Liddell agreed to provide the requested documents and information, subject to a confidentiality agreement. However, although Liddell identified **Alice Griffin, LICSW**, a Social Worker, as a medical professional who treated him, he refused to state the reason for her services and he refused to produce medical documents related to treatment provided by **Alice Griffin, LICSW** . See Exhibit ("Ex.") 1, Plaintiff James R. Liddell, Jr.'s Responses to Defendant City of Attleboro's First Set of Interrogatories, Answer 7(g), 8(g)(identifying **Alice Griffin, LICSW**),

Answer 17 (stating that Liddell conversed with **Alice Griffin, LICSW** but refusing to detail content of conversations) and 22 (stating Liddell sought diagnosis and\or treatment from **Alice Griffin, LICSW** for injuries he allegedly suffered due to Defendant's actions but refusing to provide details); Ex. 2, Plaintiff James R. Liddell, Jr.'s Responses to Defendant City of Attleboro's First Request for Production of Documents, Responses 3 and 17 (refusing to provide documents relating to treatment by **Alice Griffin, LICSW**).

The Answers to Interrogatories and the Requests sought to be compelled are as follows:

INTERROGATORY NO. 8: For each individual and/or entity identified in Interrogatory #7, provide the date(s) on which Plaintiff had such care/services provided and the reason for such care/service.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; seeks information not in Plaintiff's possession, custody or control; seeks information protected by the attorney client privilege and/or work product doctrine; is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to the foregoing objections, and without waiving same, Plaintiff states the following:
   a. Sturdy Memorial Hospital, Inc. (For dates, see records produced by predecessor counsel in response to MCAD Complaint discovery requests);
   b. Braintree Hospital - did testing and rehabilitation for Plaintiff's head injury (July 1997 to September 1997);
   c. Dr. Christopher Sanders (primary physician, 1994 to present);
   d. Dr. Pamela D. Dana (ears nose and throat; diagnosed Tinnitus and loss of hearing; March 1997);
   e. Dr. Jules Friedman (specialist at Braintree Hospital; from July 1997 to September 1997, treated Plaintiff for vestibular injury resulting from work-related accident in February 1997);
   f. Dr. David N. Schwartz (Attleboro Gastroenterology, P.C.; May 4, 1998 to May 3, 2002);
   g. **Alice Griffin, LICSW (in treatment from 1/28/02 to 11/20/02)**;
   h. Dr. Ranbir Dhillon (neurologist, March 31, 2000); and
   i. Dr. Dehm (optomologist; glaucoma; last treated in 2002).

**ARGUMENT #1**: Liddell objects to providing information and documents relative to **Alice Griffin, LICSW** based on G.L. c. 112, §135A which classifies communications between social workers and their clients as confidential. Liddell's reliance on this statute, however, fails for §135B(c) provides an exception to the confidentiality provision in cases such as the one at bar. G.L. c. 112, §135B(c) provides that the social worker privilege shall not apply:

> In any proceeding, except one involving child custody, adoption or adoption consent, in which the client introduces his mental or emotional condition as an element of his claim or defense, and the judge or presiding officer finds that it is more important to the interests of justice that the communication be disclosed than that the relationship between the client and the social worker be protected;

Here, Liddell introduces and relies upon his mental and emotional state in his claims against the Defendant. The information and documents relative to treatment received by Liddell from **Alice Griffin, LICSW** are central to Liddell's FMLA claim and his handicap discrimination claim under G.L. c. 151 claim. The information and documents bear directly on Liddell's allegation that he suffers from depression and anxiety and they pertain directly to Liddell's allegation that he suffered emotional distress due to the alleged actions of the Defendant. This is particularly true since the time frame Liddell sought treatment from **Alice Griffin, LICSW,** January 28, 2002 through November 20, 2002, coincides with Liddell's requested LOA and subsequent termination from employment which occurred during March, 2002.

The information and documents relative to **Alice Griffin, LICSW** would be covered by the Confidentiality Agreement which was executed by the parties during December 2004. Ex. 3, Stipulation and Protective Order. Any concerns of confidentiality would be alleviated and addressed by the Confidentiality Agreement.

The interests of justice require that the court order the information and documents concerning Liddell's treatment by **Alice Griffin, LICSW** be produced.

INTERROGATORY NO. 17: Identify each and every conversation and/or communication you had with any individual, except your attorney, regarding the allegations in your Complaint and your MCAD Complaint. In answering this interrogatory please specify the following:
    a.    the person(s) who granted leave extension;
    b.    date(s) of conversation/communication in which leave extension was granted;
    c.    person(s) included in conversation(s) (sic) communication;
    d.    substance of conversation(s)/communication;
    e.    location of conversation(s)/communication;
    f.    means of communication (i.e. phone, letter), (sic) and
    g.    each and every document that supports your answer.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedures; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A & B; seeks information that is protected by attorney-client privilege and/or work product doctrine; calls for information not currently in his custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff states that he has spoken to the following individuals in-person regarding Plaintiff's Complaint and MCAD Complaint: Deborah Liddell, Dr. Christopher Sanders (depression), and Allen Lemieux (regarding Plaintiff's supervisor, Mr. Parenteau), and Leslie Ring, Attleboro's Board of Retirement (basis for withdrawing retirement funds). At the present time, Plaintiff does not waive his statutory right of confidentiality to any and all protected communications with **Alice Griffin, LICSW**. See medical records of Plaintiff to be produced pursuant to an executed confidentiality agreement.

ARGUMENT 2: See ARGUMENT #1. The conversations Liddell had with Alice Griffin, LICSW are highly relevant to this case. Indeed, they relate directly to the issue of whether Liddell suffered a handicap in the form of depression or anxiety and/or whether he suffered a serious medical condition. Such information could either support Liddell's prima facie case of handicap discrimination or disprove his allegations altogether. Further, the information from

Alice Griffin, LICSW could provide information as to the real reasons Liddell requested the LOA in the first instance (i.e. for medical reasons or due to business matters related to his mother's death).

INTERROGATORY NO. 22: Identify all persons, including, but not limited to, physicians, therapist (sic), counselors, psychiatrists, psychologists, chiropractors, hospitals, clinics and/or other healthcare providers where you sought diagnosis and/or treatment of any alleged injuries you allegedly suffered because of Defendant, and/or because of the alleged conduct of the Defendant.  For each purpose, provide the dates and purpose of each such visit.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedures; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A & B; seeks information that is protected by attorney-client privilege and/or work product doctrine; calls for information not currently in his custody or possession; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff refers Defendant to his answers to Interrogatory Nos. 2, 7, 8, 17.  See also Plaintiff James R. Liddell, Jr.'s Initial Disclosures pursuant to Fed.R.Civ.P. 26(a); and confidential medical records to be produced pursuant to an executed confidentiality agreement.

**ARGUMENT 3:** See ARGUMENT 1 and 2. The information requested is highly relevant and discoverable as it bears directly on the issue of damages.

DOCUMENT REQUEST 3: Any and all medical and/or hospital records, bills, from physicians, psychologists, social workers, therapist, hospitals, clinic and other similar medical personnel and organizations for Plaintiff from January 1995 to the present time.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous, seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, § B, M.G.L. c. 112, §135A & B; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to the foregoing objections, Plaintiff refers Defendant to documents previously produced by predecessor counsel in connection with MCAD Complaint; Plaintiff will produce additional relevant medical records pursuant to an executed confidentiality agreement.  At the present time, Plaintiff exercises his right to **withhold statutorily protected confidential records of Alice**

**Griffin, LICSW.**

ARGUMENT 4: See ARGUMENT 1 and 2.

DOCUMENT REQUEST 17: Any and all documents which evidence, relate, pertain to or otherwise support any allegation that you suffered emotional and/or mental anguish because of any of the Defendant's alleged conduct, including, but not limited to (a) medical and/or psychological and/or counseling reports and/or other documents which reflect the nature and/or extent of Plaintiff's injury or illness; (b) bills reflecting the date of, nature of and/or amount paid for counseling, medical or psychological treatment or diagnosis of Plaintiff; ©) notes, correspondence or other documents which reflect Plaintiff's need for, attempt to obtain, nature of and/or amount paid for counseling, medical or psychological treatment or diagnosis.

OBJECTIONS AND RESPONSE: Same objections and response as Document Request No. 3.

ARGUMENT 5: See ARGUMENT 1 and 2.

WHEREFORE, Defendant requests that the court compel Liddell to produce documents responsive to requests 3 and 17 and answer interrogatories 8, 17, and 22.

LOCAL RULE 37.1 CERTIFICATE

Lorna Hebert, Attorney for the Defendant, certifies that she has conferred with Howard Fine, Attorney for the Plaintiff, on several occasions during the Fall of 2004, both verbally and in writing, relative to this discovery dispute. Ex. 4. The conferences were made in a good faith effort to eliminate or narrow the issues raised in this motion.

Respectfully submitted,
CITY OF ATTLEBORO

By its Attorney,

/s/ Lorna M. Hebert
Lorna M. Hebert, BBO #559493
Murphy, Hesse, Toomey and Lehane
300 Crown Colony Drive, P.O. Box 9126
Quincy, MA 02269-9126
Telephone: (617) 479-5000
EMAIL: lhebert@mhtl.com
BBO# 559493

March 9, 2005