Adjustment Counselor), Ralph Arguin (former Vice Principal of Wamsutta Middle School), David Sutherland (Vice Principal of Wamsutta Middle School), Theresa Axell (Special Education); Meghan Wells (9th grade Guidance Counselor, Attleboro High School); Deb Caine (tutor for Cristine, Coelho Middle School). In addition, where Plaintiff's daughter attended the Coelho Middle School, Defendant, Assistant Principal Rose was well aware of the educational problems. In further answering, both Plaintiff and Plaintiff's wife (Deborah Liddell), around the time of Plaintiff's first leave request, had ongoing involvement with the Attleboro Public Schools concerning educational and placement needs of their daughter, Cristine, and attendance issues related to Cristine's mental health.

INTERROGATORY NO. 11: State each and every fact that you rely upon in making the allegation in paragraph 7 of the Complaint that "Plaintiff's daughter was experiencing serious mental health problems that affected her ability to function at school," and, in so doing, please identify the mental health problem and how the mental health problem affected her ability to function at school.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, burdensome and oppressive; calls for irrelevant information pursuant to Fed.R.Civ.P. 26(b)(1); seeks private and confidential information concerning a mature minor (pursuant to M.G.L. c. 119, §§51A, 51B, 51E and 51B; M.G.L. c. 69, §1I; M.G.L. c. 112, §135A&B; M.G.L. c. 214, §1B; and M.G.L. c. 233, §20B; and 110 CMR §§ 12.09, 12.10, and 12.11); and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to the foregoing objections, and without waiving same, Plaintiff states that Dr. Ralph S. Albertini wrote to Dr. Alan Dyl, a School Psychologist with the Attleboro Public Schools, to notify him of Cristine's diagnosis. According to Dr. Albertini, it was not uncommon for children like Cristine to miss school for significant periods of time with this diagnosis. Subsequent thereto, Cristine has been in treatment with Dr. Ethan Kisch of Arbour Counseling Services, Fall River, Massachusetts. Dr. Kisch has communicated with Defendant on Cristine's behalf and recommended that she be home tutored for the remainder of the 2001/2002 school year, starting April 18, 2002. Home tutoring was recommended because of her current symptoms, which precluded her attending school. See copy of letter from Dr. Kisch to Howard Fine, Esquire, dated May 17, 2004. Further, Dr. Kisch believes that "the school failed to provide home instruction for this youth when (he) first recommended, when Cristine was out of school." Kisch letter, dated May 17, 2004.

INTERROGATORY NO. 12: Explain in detail the relevance of the complaint submitted to and\or the investigation by the Department of Social Services regarding Liddell's daughter, Cristine Liddell, as described in paragraph 16 of the Complaint, to Plaintiff's claims of handicap discrimination and\or violation of the FMLA.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, burdensome and oppressive; seeks information that is not currently in the possession, custody or control of Plaintiff; requires Plaintiff to state a legal conclusion; seeks information protected by attorney-client privilege and/or work product doctrine; seeks to discover the mental impressions and opinions of Plaintiff's counsel; and is not reasonably calculated to lead to the discovery of admissible evidence.

18

ANSWER: Subject to the foregoing objections, and without waiving same, Plaintiff states that Defendant's filing of a baseless report of child neglect\truancy with the Department of Social Services, on or about March 26, 2002, calls into question Defendant's motivation in denying Plaintiff a leave of absence on March 1, 2002 and later, on March 21, 2002, terminating his employment. In further answering, Plaintiff states that Defendant's false allegations of educational neglect are inter-related with Plaintiff's claims that a) an immediate family member of his, Cristine, at the time of his termination, was experiencing serious mental health problems, and b) that Defendant had knowledge of Cristine's mental health issues prior to terminating Plaintiff. In further answering, Plaintiff states that such problems not only affected Cristine's ability to attend school, but impacted Plaintiff's ability to function at work and care for his daughter (e.g., by taking Cristine to medical appointments).

INTERROGATORY NO. 13: State each and every fact that you rely upon in making the allegation in paragraph 12 of the Complaint that the "Superintendent had approved of [Liddell's] leave request."

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, burdensome and oppressive; and seeks information that is not currently in the possession, custody or control of Plaintiff.

ANSWER: Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to Plaintiff's answers to Interrogatory Nos. 3-6; see also Plaintiff's response to Defendant's document request no. 3 concerning the MCAD Complaint.

INTERROGATORY NO. 14: State each and every fact that you rely upon in making the allegation in paragraph 14 of the Complaint that the "[Liddells] (sic) leave extension request was granted." In answering this interrogatory please specify the following:

    a. the person(s) who granted the leave extension;
    b. date(s) of conversation/communication in which leave extension was granted;
    c. person(s) included in conversation(s) (sic) communication;
    d. substance of conversation(s)/communication;
    e. location of conversation(s)/communiciation;
    f. means of communication (i.e. phone, letter), (sic) and
    g. each and every document that supports your answer.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, burdensome and oppressive; seeks information that is not currently in the possession, custody or control of Plaintiff; requires Plaintiff to state a legal conclusion; seeks to discover the mental impressions and opinions of Plaintiff's counsel; seeks information that is protected by attorney-client privilege and/or work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to Plaintiff's answer to Interrogatory No. 3.

INTERROGATORY NO. 15: State each and every accommodation you requested from Superintendent Pacy, Lovering, Parenteau, and or any other Administrator at Attleboro or employee of Sedexho, with regard to your alleged handicap(s), and in doing so, please specify the date(s) of the request, who made the request(s), how the request was made (i.e. verbal or in writing), to whom the request(s) was made, the substance of the request(s), and the response of each to the request.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, vague and ambiguous; calls for information

20

not currently in his custody, possession or control; seeks to discover the mental impressions and opinions of Plaintiff's counsel; seeks information that is protected by attorney-client privilege and/or work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff refers Defendant to his answers to Interrogatory Nos. 3-6, 9-13.

INTERROGATORY NO. 16: Identify all persons, corporations, or other entities, including Attleboro, who have employed you in any capacity (e.g., full-time, part-time or per diem) or paid you any consideration in return for your labor and/or services from your graduation from high school to the present. For each person, corporation, or entity identified, provide:

  a. The date on which your employment commenced;
  b. The title and job description of position(s) which you held;
  c. The identity of your immediate supervisor(s);
  d. Description of benefits received while employed or working, including rate and frequency of pay and amount of bonuses received;
  e. The gross amount of all income received as a result of your employment, including, but not limited to, compensation (sic) wages, salary, tips, or compensation in kind;
  f. The date on which your employment terminated;
  g. The reason why your employment terminated;
  h. Full details of any and all disciplinary action taken against you during the course of your employment, including dates, offenses alleged, witnesses, extent of disciplinary process, disposition, and punishment imposed, (sic) and
  i. Full details of any and all complaints which you brought to any person or entity against that employer, or any of its managers, directors, officers, supervisors, or other employees at any time and for any reason. Include in your answer claims brought before any state or federal court or agency, or any form of arbitration or private dispute resolution. Include in your answer any claims that were settled prior to disposition or prior to filing.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; seeks information that is

21

irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seeks information not currently in his custody, possession or control; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff responds as follows:

**Stanley Construction:**

    a.    1969;

    b.    Construction Laborer;

    c.    Supervisor: Joseph Kokolski;

    d.    N/A;

    e.    Not ascertainable at present time;

    f.    1971;

    g.    Left to work for J.D. Form;

    h.    N/A; and

    i.    N/A.

**J.D. Form**

    a.    1971

    b.    Construction Laborer – concrete forms;

    c.    Supervisor: Joe Drazek;

    d.    N/A;

    e.    Not ascertainable at present time;

    f.    1984;

      g.     Left to work for Robert Lemieux;

      h.     N/A;

      i.     N/A.

**Robert Lemiuex**

      a.     1984;

      b.     Apartment maintenance;

      c.     Robert Lemieux;

      d.     N/A;

      e.     Gross Income: $9,776.00;

      f.     1986;

      g.     Left to work for Defendant;

      h.     N/A;

      i.

**Attleboro School Department**

      a.     1986;

      b.     Senior Building Custodian (last job title);

      c.     Jason Parenteau;

      d.     Benefits – <u>see</u> applicable Collective Bargaining Agreements;

      e.     $23,172.87;

      f.     March 21, 2002;

      g.     Termination, pursuant to M.G.L. c. 31, §38;

    h.    According to Plaintiff's personnel file, for alleged insubordination/unauthorized absences, Defendant suspended Plaintiff without pay from July 10, 1998 to July 16, 1998; and

    i.    1) <u>James R. Liddell, Jr. v. City of Attleboro</u>, United States District Court for the District of Massachusetts (civil action no. 04-CV-10409WGY), unlawful handicap discrimination and FMLA violation as set forth in Complaint (pending litigation); 2) <u>James Liddell v. Attleboro Public Schools</u>, Massachusetts Commission Against Discrimination, cross-filed with Equal Employment Opportunity Commission (docket nos. 02BEM01986 and 16CA202354, respectively), as set forth in MCAD Complaint and rebuttal, dismissed June 10, 2004, pursuant to M.G.L. c. 151B, §9; 3) <u>James Liddell v. City of Attleboro School Department</u>, Massachusetts Department of Industrial Accidents (board no. 0064397), work-related injury on February 25, 1997, order of payment §34; 4) Massachusetts Division of Employment and Training, unemployment claim filed April 11, 2002, disqualified for benefits on May 30, 2002; and 5) <u>James R. Liddell, Jr. v. City of Attleboro – School Department</u>, Massachusetts Civil Service Commission (docket no. D-02-76), pending appeal of just cause termination, pursuant to M.G.L. c. 31, §43.

**Subsequent to Attleboro School Department**

    a.    January 1, 2004;

    b.    Apartment maintenance;

    c.    N/A;

    d.    N/A;

    e.    Approximately $3,500.00;

    f.    N/A;

    g.    N/A;

    h.    N/A; and

    i.    N/A.

INTERROGATORY NO. 17: Identify each and every conversation and\or communication you had with any individual, except your attorney, regarding the allegations in your Complaint and your MCAD Complaint. In answering this interrogatory please specify the following:

    a.    the person(s) who granted the leave extension;
    b.    date(s) of conversation/communication in which leave extension was granted;
    c.    person(s) included in conversation(s) (sic) communication;
    d.    substance of conversation(s)/communication;
    e.    location of conversation(s)/communiciation;
    f.    means of communication (i.e. phone, letter), (sic) and
    g.    each and every document that supports your answer.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A &B; seeks information that is protected by attorney-client privilege and/or work product doctrine; calls for information not currently in his

custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff states that he has spoken to the following individuals in-person regarding Plaintiff's Complaint and MCAD Complaint: Deborah Liddell, Dr. Christopher Sanders (depression), and Allen Lemieux (regarding Plaintiff's supervisor, Mr. Parenteau), and Leslie Ring, Attleboro's Board of Retirement (basis for withdrawing retirement funds). At the present time, Plaintiff does not waive his statutory right of confidentiality to any and all protected communications with Alice Griffin, LICSW. See medical records of Plaintiff to be produced pursuant to an executed confidentiality agreement.

INTERROGATORY NO. 18: Identify each and every conversation and/or communication you had with Superintendent Pacy, Lovering, Parenteau, and or any other Administrator at Attleboro or employee of Sedexho, regarding your absences from work from February 27, 2002 through the end of your employment at Attleboro. In answering this interrogatory please specify the following:

   a. the person(s) who granted the leave extension;
   b. date(s) of conversation/communication in which leave extension was granted;
   c. person(s) included in conversation(s) (sic) communication;
   d. substance of conversation(s)/communication;
   e. location of conversation(s)/communiciation;
   f. means of communication (i.e. phone, letter), (sic) and
   g. each and every document that supports your answer.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, vague and ambiguous; calls for irrelevant information pursuant to Fed.R.Civ.P. 26(b)(1); exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; calls for information not

currently in his custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving any objections thereto, Plaintiff refers Defendant to his answers to Interrogatory Nos. 3-6, 9-11, 14, and documents referenced therein..

INTERROGATORY NO. 19: Identify each and every lawsuit or court or agency proceeding to which you are now, or have been, a party. Agency proceedings include, but are not limited to proceedings relating to worker's (sic) compensation, discrimination claims, or unemployment insurance benefits. As to each proceeding state:

    a.    The names of all parties to the proceeding;
    b.    Your role in the proceeding (Plaintiff, Defendant, etc.);
    c.    The subject matter of the proceeding;
    d.    Court or Agency, or other tribunal in which the matter was adjudicated or is currently pending, and the docket number or other identifying numbers; and
    e.    The disposition of the matter, or status of the matter if it is still pending.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is overly broad, unduly burdensome and oppressive, vague and ambiguous; calls for irrelevant information pursuant to Fed.R.Civ.P. 26(b)(1); exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; calls for information not currently in his custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving any objections thereto, Plaintiff refers Defendant to his answer to Interrogatory No. 16.

INTERROGATORY NO. 20: Describe in detail all efforts you made to obtain employment from March 2002 to the present and the results of your efforts to obtain

employment, and in so doing, please specify the persons, corporations, or other entities from whom you sought employment, the position(s) sought, whether you submitted an application for the position, whether you were granted an interview, and whether you were offered the position(s).

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; calls for irrelevant information pursuant to Fed.R.Civ.P. 26(b)(1); exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; calls for information not currently in his custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving any objections thereto, Plaintiff has responded to classified advertisements for custodian and similar positions, but has been unable to secure permanent work. Subsequent to his termination, Plaintiff has been self-employed and performed part-time apartment maintenance work. See also Plaintiff's answer to Interrogatory No. 16.

INTERROGATORY NO. 21: Describe in detail all damages, physical, emotional, economic and otherwise which you claim you have suffered because of the alleged actions of the Defendant as stated in your Complaint and\or MCAD Complaint.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; and calls for information not currently in his custody, possession or control.

ANSWER: Notwithstanding the foregoing objections, and without waiving any objections thereto, Plaintiff states that he remains significantly emotionally distressed

over the loss of his job. The effects of such damages, for example, have interfered with Plaintiff's ability to seek work, have left him feeling isolated, depressed and anxious; and have interfered with his social relationships. Plaintiff has also suffered serious financial hardship as a result of his termination. He has been forced to liquidate assets, including his retirement funds, and deplete savings to survive financially. Presently, Plaintiff does not have sufficient information to enable him to estimate his current and projected economic losses. Upon further discovery, Plaintiff will seasonably supplement his response to this interrogatory as necessary and appropriate.

INTERROGATORY NO. 22: Identify all persons, including, but not limited to, physicians, therapist (sic), counselors, psychiatrists, psychologists, chiropractors, hospitals, clinics and/or other healthcare providers where you sought diagnosis and/or treatment of any alleged injuries you allegedly suffered because of Defendant, and/or because of the alleged conduct of the Defendant. For each purpose, provide the dates and purpose of each such visit.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A &B; seeks information that is protected by attorney-client privilege and/or work product doctrine; calls for information not currently in his custody or possession; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff refers Defendant to his answers to Interrogatory Nos. 2, 7, 8, 17. See also Plaintiff James R. Liddell, Jr.'s Initial Disclosures pursuant to Fed.R.Civ.P. 26(a); and confidential medical records to be produced pursuant to an executed confidentiality agreement.

INTERROGATORY NO. 23: Identify each and every person you intend to call as a witness at trial in this matter and for each person describe the facts about which each such person allegedly has knowledge.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; calls for information not currently in his custody, possession or control; calls for information that is confidential, private and protected by the attorney-client privilege and/or work product doctrine; calls for non-discoverable expert information; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff may call Allen Lemieux, of 1 Pullman Avenue, South Attleboro, Massachusetts, to corroborate the claim that Mr. Parenteau acted as Plaintiff's supervisor. For other potential witnesses, Plaintiff refers Defendant to Section B of his Automatic Disclosures, filed pursuant to Local Rule 26.1(B) and 26.2(A); and Plaintiff's responses to Interrogatory Nos. 3, 7-11. Plaintiff will seasonably supplement his response to this interrogatory as necessary and appropriate.

INTERROGATORY NO. 24: Identify each and every person you intend to call as an expert witness at the trial in this matter. For each person identified, provide: (a) the subject matter on which the expert is expected to testify; (b) state (sic) the substance of the facts and opinions as to which the expert is expected to testify; (c) summary (sic) the grounds for each opinion; (d) set forth (sic) the area or areas of the his or her expertise; (e) identify (sic) each such expert's qualifications, education, training, and experience which renders him or her an expert; (f) identify (sic) each such expert's publications; (g) identify (sic) all instances in which each such expert previously testified or offered an expert opinion, including the case name, tribunal, dates of testimony, and party on who (sic) behalf each such expert testified.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; exceeds the requirements of expert testimony disclosure, pursuant to Fed.R.Civ.P. 26(a)(2); calls for information not currently in his custody, possession or control.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff states that no decisions have been made at this time regarding experts. For potential expert witnesses, Plaintiff refers Defendant to Section B of his Automatic Disclosures, filed pursuant to Local Rule 26.1(B) and 26.2(A); and Plaintiff's responses to Interrogatory Nos. 3, 7-11. Plaintiff will seasonably supplement his response to this interrogatory as necessary and appropriate.

INTERROGATORY NO. 25: Describe in detail every effort made by you at any time before, during, and\or after you were employed at Attleboro to obtain disability and\or

31

retirement benefits under any insurance policy or governmental program. For each such instances, describe in detail the basis of your claim and/or application, the person and/or governmental agency to whom you submitted such claim or application, and the results of such claim or application.

OBJECTIONS: Plaintiff objects to the above interrogatory on the grounds that it is unduly burdensome and oppressive, vague and ambiguous; calls for irrelevant information pursuant to Fed.R.Civ.P. 26(b)(1); exceeds the maximum number of interrogatories allowed by the Federal Rules of Civil Procedure; calls for information not currently in his custody, possession or control; and is not reasonably calculated to lead to the discovery of admissible evidence.

ANSWER: Notwithstanding the foregoing objections, and without waiving same, Plaintiff states that after Defendant terminated him, Plaintiff filed for unemployment benefits. In a notice dated May 30, 2002, the Massachusetts Division of Employment and Training informed Plaintiff that he was disqualified for benefits. Thereafter, Plaintiff personally spoke to Leslie Ring of the Attleboro Retirement Board. Upon Ms. Ring's suggestion, Plaintiff completed an application for disability retirement on or about August 9, 2002. Where Ms. Ring stated that an application would likely be at least six months to process, Plaintiff chose not to file for disability retirement benefits, but, instead, withdrew his entire pension contribution, since he could not financially afford to wait so long for the board's approval.

VERIFIED AS TO ANSWERS BY:

*James R. Liddell Jr.*
_____
James R. Liddell, Jr.

Dated: November 12, 2004

AS TO LEGAL OBJECTIONS

Respectfully submitted on behalf of
Plaintiff, James R. Liddell, Jr., by
his attorney:

_____
Howard Mark Fine, Esquire
86 Sherman Street
Cambridge, Massachusetts  02140-3233
617-868-9200
B.B.O. 554671

Dated: November 12, 2004

CERTIFICATE OF SERVICE

I, Howard Mark Fine, counsel for plaintiff in the above-captioned matter, hereby affirm that I have served by overnight mail, postage prepaid, the foregoing to the following counsel of record for defendant City of Attleboro: Lorna M. Hebert, Murphy, Hesse, Toomey & Lehane, LLP, Crown Colony Plaza, 300 Crown Colony Drive, Suite 410, P.O. Box 9126, Quincy, MA  02269-9126.

Dated: November 12, 2004                              _____
                                                     Howard Mark Fine, Esquire