
EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES R. LIDDELL, JR.<br>Plaintiff<br><br>v.<br><br>CITY OF ATTLEBORO<br>Defendant | CIVIL ACTION NO. 04CV10409WGY |

### PLAINTIFF JAMES R. LIDDELL, JR.'S RESPONSES TO DEFENDANT CITY OF ATTLEBORO'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

COMES now James R. Liddell, Jr., plaintiff in the above-captioned matter (hereinafter "Plaintiff"), as represented by counsel, and, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 34.1 of the United States District Court Local Rules, hereby responds to the request of the defendant City of Attleboro (hereinafter "Defendant") for production of documents. The responses below represent Plaintiff's present knowledge and the results of his investigation to date and are to the best of his recollection, information, and belief. Plaintiff reserves the right to amend and supplement his responses set forth below as may be necessary or appropriate in the future.

I.  DEFINITIONS AND GENERAL OBJECTIONS

1. Plaintiff objects to document requests numbered 1 to 23, and their subparts, to the extent that they seek information a) prepared in anticipation of litigation or for trial, b) subject to the attorney-client and/or work product privilege, c) not reasonably calculated to lead to the discovery of admissible evidence in support of Defendant's case, d) consist of

compound questions and otherwise exceed the number of document requests permitted pursuant to Federal Rules of Civil Procedure and Local Rules of the District Court, and

e) otherwise not discoverable under the Federal Rules of Civil Procedure and/or federal and Massachusetts laws.

2. As used herein, "vague and ambiguous" means the request is drafted in a way that does not clearly convey what information is requested. Plaintiff is not required to guess Defendant's intended meaning.

3. As used herein, "burdensome and oppressive" means the request requires searching for information with little value or benefit to the parties herein such that the value of producing the information is far outweighed by the burden of producing it. This is especially true where the Defendant can or already has obtained the information from other sources.

4. As used herein, "overly broad" means the request requires, at least in part, information which is irrelevant in subject matter and/or time period. Defendant is required to draft requests clearly and narrowly so that only relevant information is required.

5. Plaintiff bases his responses to Defendant's requests on the assumption that Defendant did not intend to seek information protected by the attorney/client privilege, the attorney work product rules, the right of privacy and other constitutional protections, applicable accountant/client privilege, or the confidentiality of the impressions, conclusions, opinions, legal research, or theories of Plaintiff's attorney or representatives or agents of the attorney of Plaintiff. To the extent that Defendant's requests are intended to elicit such information, Plaintiff objects and asserts the foregoing privileges and protections to the fullest extent provided by law.

6. By making these responses, Plaintiff does not conclude that the information produced is properly discoverable or admissible, and Plaintiff reserves the right to object to additional discovery with respect to the subject matter and to object to the introduction of these responses into evidence. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of any statement if requests were asked of, or any statements contained herein, were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of hearing.

7. A response made in spite of the stated objection may not be construed as a waiver of the stated objection (assent), and such a response is made in an effort to provide responsive information based on a fair reading of a request's intended meaning. In addition, Plaintiff's discovery and investigation herein are ongoing, and Plaintiff's responses are based upon current information. Plaintiff reserves the right to present further or different evidence at the time of trial.

8. The inclusion of any inadvertent attorney-client work product or communication is not meant in any way to be an expressed or implied waiver of the attorney-client privilege.

9. A specific response that Plaintiff will produce certain documents is not a representation that such documents exist.

10. The definitions contained herein shall not be taken to amend or modify the Federal Rules of Civil Procedure, but are instead intended to be incorporated into each of the requests to which they relate as if the language herein was stated in those requests.

11. The terms "Plaintiff" and "Mr. Liddell" are used interchangeably and refer to the Plaintiff in the above-entitled action; that is, James R. Liddell, Jr.

12. The terms "Defendant" and "Attleboro" are used interchangeably and refer to the Defendant in the above-entitled action; that is, the City of Attleboro, and refer to any subsidiary, parent, affiliate, employee, director, officer, agent or any person or entity acting or purporting to act on its behalf or under its direction or control, including attorneys.

13. The term "employee" includes any person, including all executives, officers, board members, managers, supervisors and professionals, who are or have been employed on a full- or part-time basis by the Defendant unless otherwise indicated.

14. The term "Complaint" shall mean the herein civil action filed by Mr. Liddell and any other amended complaints that Plaintiff has or may file in the above-entitled matter.

15. The term "MCAD Complaint" refers to the administrative complaint filed by Mr. Liddell at the Commonwealth of Massachusetts's Commission Against Discrimination on or about May 9, 2002.

II. PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SPECIFIC DOCUMENT REQUESTS

DOCUMENT REQUEST 1: Any and all documents which support Plaintiff's claims that Attleboro discriminated against him on the basis of handicap.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 119, M.G.L. c. 119, §§51A, 51B, 51E and 51B; M.G.L. c. 69, §1I; M.G.L. c. 112, §135A&B; M.G.L. c. 214, §1B; and M.G.L. c. 233, §20B; and 110 CMR §§ 12.09, 12.10, and 12.11; requires Plaintiff to state a legal conclusion; seeks mental impressions and opinions of Plaintiff's

4

counsel; seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to documents previously produced by predecessor counsel in connection with the MCAD Complaint; Plaintiff James R. Liddell, Jr.'s Initial Disclosures pursuant to Fed.R.Civ.P. 26(a); Plaintiff's May 28, 2003 deposition transcript; Plaintiff's medical records, which Plaintiff will produce pursuant to an executed confidentiality agreement; Plaintiff James R. Liddell, Jr.'s Responses to Defendant City of Attleboro's First Set of Interrogatories to Plaintiff; pleadings filed by parties in the matter of <u>James R. Liddell, Jr. v. Attleboro School Department</u>, Massachusetts Civil Service Commission, docket no. D-02-276. <u>See generally</u> Plaintiff's responses to herein document requests. In further answering, Plaintiff will produce additional documents responsive to this request.

<u>DOCUMENT REQUEST 2:</u> Any and all documents which support Plaintiff's claims that Attleboro violated the Family and Medical Leave Act (the FMLA").

<u>OBJECTIONS AND RESPONSE:</u> Same as objections and response to Document Request 1.

<u>DOCUMENT REQUEST 3:</u> Any and all medical and/or hospital records, bills, from physicians, psychologists, social workers, therapists, hospitals, clinics and other similar medical personnel and organizations for Plaintiff from January 1995 to the present time.

<u>OBJECTIONS AND RESPONSE:</u> Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L.

5

c. 214, §1B, M.G.L. c. 112, §§135A &B; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Plaintiff refers Defendant to documents previously produced by predecessor counsel in connection with MCAD Complaint; Plaintiff will produce additional relevant medical records pursuant to an executed confidentiality agreement. At the present time, Plaintiff exercises his right to withhold statutorily protected confidential records of Alice Griffin, LICSW.

DOCUMENT REQUEST 4: Any and all tape recordings, notes, diaries, notebooks, calendars and other documents regarding, relating to, referring to, memorializing communications between you and any and all Attleboro personnel from January 1995 to the present time.

OBJECTIONS AND RESPONSE: Plaintiff objects to the document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to documents referred to in responses to Document Requests Nos. 1 and 3. In further answering, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 5: Any and all tape recordings, notes, diaries, notebooks, calendars and other documents regarding, relating to, referring to, or memorializing

communications between you and anyone else other than your attorney regarding Attleboro, your Complaint against Attleboro, your MCAD Complaint, and\or the facts on which you rely to support your claims against Attleboro.

OBJECTIONS AND RESPONSE: Same as objections and response to Document Request Nos. 1, 4.

DOCUMENT REQUEST 6: Any and all documents Plaintiff submitted to or received from the Massachusetts Commission Against Discrimination and\or the Equal Employment Opportunity Commission which relate or pertain in any manner to matters encompassed by Plaintiff's claims against the Defendant in the Complaint and\or MCAD Complaint.

OBJECTIONS AND RESPONSE: Plaintiff objects to the document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to documents produced by Plaintiff in response to Document Requests Nos. 1 and 3. In further answering, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 7: Any and all documents identified in Plaintiff's Answers to Defendant's Interrogatories.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A &B; requires Plaintiff to state a legal conclusion;

seeks mental impressions and opinions of Plaintiff's counsel; seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is protected by attorney-client privilege and/or the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff generally refers Defendant to documents produced in response to Defendant's herein document requests, and, in particular, Document Request Nos. 1-3, 11.

DOCUMENT REQUEST 8: Any and all documents regarding or relating to the physical injury Plaintiff alleges he suffered on or about February 25, 1997, as alleged in paragraph 2 of the Affidavit submitted with his MCAD Complaint, including, but not limited to all medical records and documents pertaining to any and all claims for workers compensation (sic).

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is confidential, private, and privileged pursuant to HIPPA, M.G.L. c. 214, §1B, M.G.L. c. 112, §§135A &B; seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is protected by attorney-client privilege and the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to documents previously produced by predecessor counsel in connection with the MCAD Complaint. See also Plaintiff's responses to document requests nos. 1 and 3. Plaintiff will produce additional relevant medical records pursuant to an executed confidentiality agreement.

DOCUMENT REQUEST 9: Any and all documents regarding or relating to your absences from employment from 1993 to the last date of your employment with Attleboro, including, but not limited to, physician letters, medical support and correspondence to and from Attleboro personnel.

OBJECTIONS AND RESPONSE: Same objections and response as Document Request No. 8. In addition, Plaintiff objects to the foregoing document request on the grounds that it seeks irrelevant information, pursuant to Fed.R.Civ.P. 26(b)(1).

DOCUMENT REQUEST 10: Any and all applications and\or claims for disability and\or retirement benefits completed by Plaintiff and any and all documents regarding or relating to any and all applications and\or claims for disability and\or retirement benefits completed by the Plaintiff.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is not currently in the possession, custody or control of Plaintiff; seeks irrelevant information, pursuant to Fed.R.Civ.P. 26(b)(1); seeks information that is protected by attorney-client privilege and the work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 11: Any and all contracts of employment Plaintiff had with Attleboro and or was covered by as an employee at Attleboro from 1995 to the present, and all documents referring or relating to said contracts of employment.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is not currently in the possession, custody or control of Plaintiff. Subject to the foregoing objections, and without waiving same, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 12: Any and all reports, summaries and other documents prepared by each and every expert you intend to call as an expert witness at trial.

OBJECTIONS AND RESPONSE: Presently, where Plaintiff has not identified a trial expert pursuant to Fed.R.Civ.P. 26(b)(4), no documents exist that are responsive to this request. Plaintiff recognizes his obligation to seasonably supplement his response to this request as necessary and appropriate.

DOCUMENT REQUEST 13: Any and all documents which you intend to use at trial.

OBJECTIONS AND RESPONSE: Plaintiff objects to this request on the grounds that it seeks information that is protected by attorney-client privilege and/or the work product doctrine and beyond the scope of Fed.R.Civ.P. 26 insofar as it seeks information relating to experts who may not testify at trial. Subject to the foregoing objections, and without waiving same, Plaintiff states that no decisions presently have been made with respect to trial exhibits. Plaintiff recognizes his obligation to seasonably supplement his response to this request as necessary and appropriate.

DOCUMENT REQUEST 14: Any and all documents Plaintiff gave to or received from the Commonwealth of Massachusetts (sic) Department of Education and Training or any other local, state or federal agency, office, department, or official during or since March 2002, which relate or pertain in any manner to claims for unemployment benefits and/or

for unemployment benefits received and\or to any matters encompassed by Plaintiff's claims against the Defendant in the Complaint and\or to any matters encompassed by Plaintiff's claims against the Defendant in the Complaint and\or the MCAD Complaint.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is confidential, private, and privileged pursuant to M.G.L. c. 151A, §46; seeks information that is not currently in the possession, custody or control of Plaintiff; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to discovery previously produced by prior counsel for Plaintiff in connection with the MCAD Complaint, and Plaintiff's responses to document requests nos. 1 and 3. In further answering, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 15: Any and all documents Plaintiff submitted to or received from the Civil Service Commission which relate or pertain in any manner to matters encompassed by Plaintiff's claims against the Defendant in the Complaint and\or the MCAD Complaint.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; and is not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST 16: Any and all documents: (a) given to any other local, state or federal agency, office, department, or official, other than those named in Request Nos. 6, 14 and 15 above; and\or (b) constituting, discussing, or otherwise pertaining in any

11

way to correspondence or other written or oral communications between Plaintiff and any local, state or federal agency, office, department, or official, other than those named in Request Nos. 6, 14 and 15 above, which, in either case, relate in any manner to any and all matters encompassed by your charges of discrimination and\or violation of the FMLA and\ or (sic) other claims against the Defendants (sic), as outlined in your Complaint and the MCAD Complaint and the MCAD Complaint and/or other pleadings herein.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); and is not reasonably calculated to lead to the discovery of admissible evidence.

DOCUMENT REQUEST 17: Any and all documents which evidence, relate, pertain to or otherwise support any allegation that you suffered emotional and/or mental anguish because of any of the Defendant's alleged conduct, including, but not limited to (a) medical and/or psychological and/or counseling reports and/or other documents which reflect the nature and/or extent of Plaintiff's injury or illness; (b) bills reflecting the date of, nature of and/or amount paid for counseling, medical or psychological treatment or diagnosis of Plaintiff; c) notes, correspondence or other documents which reflect Plaintiff's need for, attempt to obtain, nature of and/or amount paid for counseling, medical or psychological treatment or diagnosis.

OBJECTIONS AND RESPONSE: Same objections and response as Document Request No. 3.

DOCUMENT REQUEST 18: Any and all diaries and/or business or personal calendars and/or journals and/or appointment books or the like kept or possessed or maintained by, or on behalf of Plaintiff for the period January 2002 to the date of trial.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive, and vague and ambiguous; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to discovery previously produced by prior counsel for Plaintiff in connection with the MCAD Complaint, and Plaintiff's responses to document requests no. 4.

DOCUMENT REQUEST 19: Any and all documents which evidence, relate to, or otherwise pertain to any and all employment of Plaintiff by any employer or self-employment or other means of support ("employment") or efforts by Plaintiff to seek or obtain such employment, from March 2002, to the date of trial, including, but not limited to documents relating to employment status; rate of pay; earnings, benefits, employee handbooks; benefit statements; offers of benefits to be paid for (in whole or in part) or provided by the employer(s) regardless of whether those benefits were actually obtained; evaluations of job performance; discipline, reprimands, warnings, complaints and/or grievances; advertisements; resumes, employment applications; correspondence, notes, memoranda, offers of employment; and rejections of offers of employment.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; seeks information that is not currently in Plaintiff's possession, custody or control; seeks

information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seeks information that is protected by the attorney-client privilege and/or work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff will produce documents responsive to this request.

DOCUMENT REQUEST 20: Any and all documents which in any way evidence, relate, or otherwise pertain to any and all employment of Plaintiff by any employer, or self-employment, prior to and during Plaintiff's employment by Attleboro, including, but not limited to, documents relating to the names and addresses of each employer; dates of employment; resumes; applications for employment; offers of employment; terms and conditions of employment; tenure of employment; rate of pay; earnings and benefits; employee handbooks; job classifications; job assignments; job description; promotions, job performance or evaluations thereof; reprimands; warnings; disciplinary actions; complaints; grievances; type of separation from employment; circumstances surrounding removal, resignation, termination, or other separation from employment; and letters of reference.

OBJECTIONS AND RESPONSE: Same objections and response as Document Request No. 19. See also Plaintiff's response by prior counsel to Defendant's discovery requests in connection with the MCAD Complaint; and Plaintiff's Response to Interrogatory No. 16 of Defendant City of Attleboro's First Set of Interrogatories to Plaintiff.

DOCUMENT REQUEST 21: The Federal and State Income Tax Returns, W-2 forms, 1099, and/or all other documents which evidence, relate, or refer to the amount and source of income earned or received by Plaintiff for the period January 1995 to the date

of trial, including, but not limited to, monies received from self-employment, unemployment, other employers, and/or the federal or local government.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome, and oppressive; seeks information that is not currently in Plaintiff's possession, custody or control; seeks information that is private, confidential and/or privileged; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff will produce documents responsive to this request pursuant to an executed confidentiality agreement.

DOCUMENT REQUEST 22: Any and all documents pertaining to the settlement of, negotiations, and/or attempted settlement of any claims encompassed by your Complaint, the MCAD Complaint, or other pleadings herein.

OBJECTIONS AND RESPONSE: Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; seeks information that is not currently in Plaintiff's possession, custody or control; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seek information that is protected by the attorney-client privilege and/or work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff refers Defendant to his offer of settlement, a copy of which is produced herein.

DOCUMENT REQUEST 23: Any and all documents which discuss, relate, or otherwise pertain to any other charges of discrimination and/or lawsuit, or filed by others on

Plaintiff's behalf, or any complaints, charges or grievances made by Plaintiff, or made by others on Plaintiff's behalf, against any person.

**OBJECTIONS AND RESPONSE:** Plaintiff objects to the above document request on the grounds that it is overly broad, burdensome and oppressive and vague and ambiguous; seeks information that is irrelevant pursuant to Fed.R.Civ.P. 26(b)(1); seek confidential information that is protected by the attorney-client privilege and/or work product doctrine; and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, and without waiving same, Plaintiff states that no other documents exists.

>Respectfully submitted on behalf of
>Plaintiff, James R. Liddell, Jr., by
>his attorney:
>
>_____
>Howard Mark Fine, Esquire
>86 Sherman Street
>Cambridge, Massachusetts  02140-3233
>617-868-9200
>B.B.O. 554671

Dated: November 12, 2004

## CERTIFICATE OF SERVICE

I, Howard Mark Fine, counsel for plaintiff in the above-captioned matter, hereby affirm that I have served by overnight mail, postage prepaid, the foregoing to the following counsel of record for defendant City of Attleboro: Lorna M. Hebert, Murphy, Hesse, Toomey & Lehane, LLP, Crown Colony Plaza, 300 Crown Colony Drive, Suite 410, P.O. Box 9126, Quincy, MA  02269-9126.

Dated: November 12, 2004            _____
                                    Howard Mark Fine, Esquire